# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

SANDRA CRAWLEY                )
       #268125,                )
                                )   CIVIL ACTION NO. 9:08-1051-TLW-BM
        Petitioner,     )
                                )
v.                               )
                               )   **REPORT AND RECOMMENDATION**
SOUTH CAROLINA           )
DEPARTMENT OF            )
CORRECTIONS; WARDEN OF   )
LEATH CORRECTIONAL       )
INSTITUTION,             )
                               )
       Respondents.  )
_____)

        This is a <u>pro se</u> Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 24, 2008.[1]  The Respondent filed a return and motion for summary judgment on June 19, 2008. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on June 20, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for her to file an adequate response. Petitioner was specifically advised that if she failed to respond adequately, the Respondent's motion may be granted, thereby ending her case.  Petitioner thereafter filed a memorandum in opposition on July 9, 2008.  This matter is now before the Court for disposition.[2]

---

    [1]Since the envelope does not reflect the date that it was delivered to the prison mail room, the undersigned has used the date of the application, which is the same date that the envelope was post marked, as the filing date.  <u>see</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

    [2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



## **Procedural History**

Petitioner was indicted in February 1999 for murder [Indictment No. 99-GS-42-1045] and in June 2000 for criminal conspiracy [Indictment No. 00-GS-42-2689]. (R.pp. 510-513). Petitioner was represented on these charges by Ray Thompson, Esquire, and Noel Turner, Esquire. After a trial by jury on June 26-27, 2000, Petitioner was found guilty on the murder charge and not guilty on the criminal conspiracy charge. (R.p. 378). The trial judge sentenced Petitioner to a term of life imprisonment. (R.pp. 380-381).

A timely appeal was filed on behalf of the Petitioner, raising the following direct appeal issues:

1. Whether the trial court erred in admitting Petitioner's two statements into evidence;

a) The confessions were inadmissible because she was not told the victim's murder was the subject of the inquiry before she waived her right to remain silent.

b) The confessions were involuntary because Petitioner was addicted to drugs and alcohol, and was suffering from withdrawal at the time of her statements.

2. Whether the trial court abused its discretion by refusing to declare a mistrial when a witness testified Petitioner called the victim "from the jailhouse;" and

3. Whether the trial court erred by allowing testimony from the victim's daughter that he was dating the Petitioner and Petitioner was going to come stay with him.

See State v. Crawley, 562 S.E.2d 683 (S.C.Ct.App. filed Apr. 8, 2002).[3]

On April 8, 2002, the South Carolina Court of Appeals affirmed Petitioner's convictions. See State v. Crawley, supra. Petitioner appealed to the South Carolina Supreme Court by way of a Petition for Certiorari, and the Supreme Court denied the petition on September 19, 2002.

---

[3]Petitioner was represented in his direct appeal by Assistant Appellate Defender Robert M. Dudek. A copy of the direct appeal brief has not been filed with the Court. The listing of the direct appeal issues has been taken from the published opinion.



The Remittitur was sent down on September 23, 2002.  See Remittitur dated September 23, 2002.

Petitioner then filed an Application for Post-Conviction Relief ("APCR") in state circuit court on September 17, 2002; Crawley v. State of South Carolina, 02-CP-42-3393 (R.pp. 384-388); in which she raised the following issues:

> 1) Ineffective Assistance of Counsel;
>
> 2) Violation of Constitutional Rights; and
>
> 3) "Statement not wrote by applicant."

(R.p. 385).

An evidentiary hearing was held on June 24, 2004 at which Petitioner was present and represented by Douglas Brannon, Esquire.  (R.pp. 393-427).  The case was taken under advisement, and on June 29, 2004, Petitioner's counsel sent a letter to the Court requesting that the Court withhold its decision in the matter and requesting a supplemental hearing.  See Second Supplemental Appendix, p. 1.  After briefing by the parties, the Court found that the record should be reopened and a supplemental hearing should be held.  (R.pp. 431-432).  see also Second Supplemental Appendix, pp. 2-14.  On November 8, 2004, the supplemental hearing was held;  (R.pp. 428-498); following which the PCR judge entered a written order on February 25, 2005 denying the petition in its entirety. (R.pp. 499-509).

Petitioner filed a petition for writ of certiorari in the South Carolina Supreme Court, which transferred the case to the South Carolina Court of Appeals for disposition.  Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief Attorney of the office of Appellate Defense, who raised the following issues:

> **Ground One:** Did trial counsel err in failing to move to suppress petitioner's statement on the ground that she was questioned without counsel after invoking her Sixth Amendment right to counsel prior to interrogation?

3



**Ground Two:** Did trial counsel err in failing to present alibi defense evidence in the case?

<u>See</u> Petition, p. 2.

On September 25, 2007, the South Carolina Court of Appeals denied the petition. <u>See</u> Order filed September 25, 2007. The Remittitur was issued on October 11, 2007.

In her Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

**Ground One**: Denial of Due Process/Right to Examine Evidence.

**Ground Two:** Ineffective Assistance of Counsel.

**Ground Three:** Mental instability at time of interrogation and trial causing denial of due process and equal protection of the law.

**Ground Four:** Constitutional Error.

<u>See</u> Petition, pp. 6-11.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>,



901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of the petition, Petitioner alleges denial of due process/ right to examine evidence. Specifically, Petitioner contends that there was an unidentified hair found on the victim's body that has never been processed for DNA, and that "[g]iven the advanced technology of DNA in recent years if processed could possibly prove my innocence." Respondent contends that this issue is procedurally barred from consideration by this Court because, even though Petitioner and her attorneys were aware of it at the time of trial, the Petitioner did not raise it in either her direct appeal or in her APCR. For her part, Petitioner concedes that she never raised this issue in her direct appeal or her APCR. See Petition, p. 6.

Since Petitioner did not raise this claim in her direct appeal or her APCR, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to



the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's

highest court is technically met when exhaustion is unconditionally waived by the state...or when a

state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."],

cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not pursued by the

Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing

of cause and prejudice, or actual innocence.  Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v.

Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims
> in State court pursuant to an independent and adequate State
> procedural rule, Federal Habeas review of the claim is barred unless
> the prisoner can demonstrate cause for the default and actual prejudice
> as a result of the alleged violation of Federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage
> of justice.

Coleman, 501 U.S. at 750.

Petitioner contends that she did not raise this issue because her counsel did not make

her aware that this was a possible ground for overturning her conviction.  See Petition, p. 6.  However,

the Respondent properly points out that the fact that no DNA testing had been performed on this hair

was brought out during the cross-examination of one of the State's witnesses.  (R.pp. 272-276).

Petitioner's trial counsel did not ask to have any DNA comparison done, nor did Petitioner's PCR

counsel ask to have any DNA testing done.  Also, despite this issue being known and raised at trial,

it was not raised by Petitioner in either her direct appeal or in her APCR.   The undersigned can

discern no "cause" for the default of this issue in this record.

To the extent that Petitioner has intended to assert ineffective assistance of trial counsel



as "cause" for her failure to raise this claim, she has not properly raised that claim to the state courts. A claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at 489); *C.f.* Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented this ineffective assistance of counsel claim to the state court for adjudication]. Petitioner has not shown any cause for her failure to present this claim of ineffective assistance of counsel to the PCR court and pursue it in her PCR appeal. Therefore, it cannot be used as cause for her procedural default of this claim. Tome v. Stickman, 167 Fed.Appx. 320 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).

        Further, to the extent that Petitioner may be attempting to argue that her PCR counsel was ineffective for failing to pursue this claim in her PCR action, this also does not provide Petitioner relief. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499



U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996). Here, Petitioner has failed to show the necessary "cause" for her procedural default because, to the extent that Petitioner is claiming that her PCR counsel did not pursue this claim, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989) [O'Connor, J., <u>concurring</u>] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard v. Delo</u>, 28 F.3d 887, 888 (8th Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932  (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

   Accordingly, Petitioner has failed to show cause for her procedural default on this issue. <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert</u>. <u>denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal

8



Court."].  Nor does the undersigned find that Petitioner has met her burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered.  <u>see</u>, <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496)); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995)).  To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show her factual innocence.  <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999).  Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which [she] was convicted." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 494 (4th Cir. 1999).  She has failed to do so.

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed.  <u>See</u> 28 U.S.C. § 2254.

## II.

In Ground Two of her Petition, Petitioner contends that her trial counsel admitted that he was ineffective for failing to request discovery relating to her DUS charge.  She also contends that her counsel was ineffective for failing to argue or present evidence of her alibi as a defense tactic and for failing to ask for DNA and forensics of physical evidence found at the scene and on the victim's body.

Respondent again contends that the issue with respect to Petitioner's claim regarding the DNA and forensics of physical evidence is procedurally barred from consideration by this Court, because the Petitioner did not raise it in her APCR.   The undersigned agrees that this part of



Petitioner's Ground Two is procedurally barred from consideration by this Court. <u>See</u> discussion (Ground One), <u>supra</u>.

With regard to the remaining issues in Ground Two, Petitioner contends that her counsel admitted that he was ineffective for failing to request discovery related to her DUS charge and also contends that he was ineffective for failing to argue or present evidence of her alibi defense. These two issues were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in her petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Crawley v. State of South Carolina</u>, No. 02-CP-42-3393. Specifically, the PCR judge found that: 1) Petitioner testified that trial counsel was ineffective for failing to get the records of her stay at the half-way house;[4] 2) Petitioner testified that she was required to sign in and out of the half-way house and if she did not do so, she would have been sent back to prison; 3) Petitioner testified that had counsel obtained those records it would have shown that she did not commit the murder and counsel could have raised an alibi defense; 4) however, the Petitioner did not present any records or testimony from employees of the half-way house during the PCR hearing; 5) trial counsel testified that he was aware that Petitioner was staying at a half-way house at the time of the murder but that Petitioner was not an inmate who was restricted to the campus; 6) counsel further testified that Petitioner was allowed to leave and go to work; 7) counsel testified that he called the half-way house and although he could not, at that time, remember the substance of the conversation, he decided not to subpoena any records; 8) counsel testified that he did not think that Petitioner being at a half-way house played a role in this case; 9)

_____

[4] Petitioner was a resident at a half-way house at the time of the murder. (R.pp. 415-416).

10



counsel also testified that they were never pursuing an alibi defense; 10) counsel's testimony was credible and Petitioner's testimony was not credible; 11) Petitioner failed to carry her burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard; 12) the Petitioner presented no witnesses or evidence from her stay at the half-way house at her PCR hearing to show that counsel was ineffective for failing to get these records; 13) Petitioner also failed to show a reasonable probability that counsel's alleged deficient performance prejudiced the outcome of Petitioner's trial; 14) As for the DUS charge and her not having counsel, Petitioner alleged that counsel failed to fully argue the voluntariness of her statement that she gave the police regarding this case; 15) Petitioner testified that she had no choice but to make the statement because of the police conduct; 16) Petitioner also testified that the State had no other evidence against her besides her statement; 17) Petitioner's counsel testified that Petitioner's statement was the only evidence in this case and that her interrogation was lengthy; 18) Petitioner's counsel further testified, however, that there was an extensive <u>Jackson v. Denno</u>[5] hearing in this case and that the trial court found Petitioner's statement to be voluntary; 19) This issue was also addressed on appeal and ruled on by the South Carolina Court of Appeals; 20) Petitioner's trial counsel's testimony on this issue was credible; 21) Petitioner's testimony on this issue was not credible; 22) Petitioner failed to show that counsel's performance fell below the standard of professional reasonableness; 23) Petitioner also failed to show any prejudice; 24) Petitioner testified that counsel was ineffective for failing to argue at her <u>Jackson v. Denno</u> hearing that she had asserted her Sixth Amendment right to counsel on a Driving Under Suspension (DUS) 3rd charge prior to making her statement; 25) Petitioner further testified that she remembers appearing before Magistrate Judge Ken

---

[5]378 U.S. 368 (1964)

11



Dover and asking for an attorney; 26) Petitioner also testified that she ultimately pled guilty to the DUS charge; 27) Judge Dover testified that he has a checklist of things that he goes over with defendants during a bond hearing and that he went over the checklist with the Petitioner; 28) Judge Dover further testified that he read Petitioner her rights and has no memory of Petitioner invoking her right to counsel; 29) trial counsel testified that he was aware of the DUS charge and undertook to represent Petitioner on that charge; 30) counsel testified that he did not, however, file a <u>Brady</u>[6]/ Rule 5 Motion in regards to the DUS charge; 31) counsel testified that he thought he should have brought up the fact that the Petitioner had requested counsel at her arraignment on the DUS charge at the <u>Jackson v. Denno</u> hearing during her murder case; 32) counsel testified that he thought that this would have made a difference in the suppression hearing; 33) on cross examination, however, counsel admitted that the Petitioner was arraigned on the DUS charge on January 9, 1999, and that she was not arraigned on the Murder charge until January 14, 1999; 34) counsel also conceded that he did conduct a lengthy <u>Jackson v. Denno</u> examination in this case and that the South Carolina Court of Appeals affirmed the voluntariness of Petitioner's statement on appeal; 35) in Petitioner's brief, she submitted that counsel was appointed to represent her on May 5, 2002; 36) shortly after being appointed, counsel filed a <u>Brady</u> Motion and Rule 5 request for discovery; 37) counsel was also provided a copy of the evidence that had been provided by the State to the Public Defender's office; 38) although the trial in this case was only a little more than a month after counsel was appointed, counsel had ample time to discuss the case with the Petitioner; 39) according to the Petitioner, counsel should have known about the arraignment on January 9, 1999; 40) in <u>Michigan v. Jackson</u>, 475 U.S. 625 (1996), the United States Supreme Court held that there is "a bright-line rule to safeguard rights,

---

[6]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963)



. . . once a suspect has invoked the right to counsel, any subsequent conversation must be initiated by

him."; 41) counsel had knowledge of Petitioner's arrest on the DUS charge and her subsequent

arraignment; 42) Petitioner argued that counsel had an obligation to determine if the Petitioner had

requested counsel at that arraignment; 43) the <u>Brady</u> Motion and Rule 5 request for discovery filed

by counsel were limited to the murder charge; 44) at no time did counsel request discovery on the

DUS charge; 45) the State was under no duty to disclose documents relating to the DUS arrest and

arraignment; 46) according to Petitioner, once counsel was armed with the knowledge of the arrest

and detainment of Petitioner, counsel knew, or should have known, that the arraignment documents

could have produced necessary information; 47) having no discovery concerning the DUS charge,

counsel did act as Petitioner's attorney when she pled guilty to that charge on June 26, 2000; 48)

Petitioner argued that the failure of counsel to request and search for the arraignment documents was

ineffective assistance of counsel and did fall below the objective standard put upon attorneys in the

State of South Carolina; 49) the United States Supreme Court and the South Carolina Court of

Appeals have ruled that any statements taken as a result of police initiated questioning or

interrogation, after an individual has invoked his right to counsel without assistance of counsel, is

invalid; 50) counsel did not request discovery on Petitioner's DUS charge; 51) Petitioner argued that

this simple discovery request or search for documents would have revealed that Petitioner had

requested counsel at her arraignment on the DUS charge; 52) if counsel had taken this discovery step,

Petitioner contends that the outcome of the <u>Jackson v. Denno</u> hearing would have been different and

that Petitioner's statements would have been suppressed; 53) the only evidence provided by the State

linking Petitioner to the murder for which she was convicted were her statements; 54) Petitioner

argued that Petitioner could think of no greater prejudice to an individual accused of a crime than the



failure of trial counsel to suppress the only evidence linking that person to the crime; 55) Respondent submitted that the case law is clear regarding an individual's right to counsel once invoked under the Sixth Amendment; 56) in <u>McNeil v. Wisconsin</u>, 501 U.S. 171 (1991), the United States Supreme Court held that the "Sixth Amendment right to counsel, which does not attach until after the initiation of adversary judicial proceedings, is offense-specific as is its effects of invalidating subsequent waivers during police-initiated questioning"; 57) in <u>Texas v. Cobb</u>, 532 U.S. 162 (2001), the United States Supreme Court held the "Sixth Amendment right to counsel cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment"; 58) in <u>Cobbs</u> the Court further found that this right to counsel only attaches to the charged offense; 59) in regards to uncharged offenses the defendant retains the right to refuse questioning by the police under <u>Miranda</u>;[7] 60) in this case, Respondent pointed out that counsel for the Petitioner admitted that Petitioner had invoked her Sixth Amendment right to counsel in regards to the DUS charge; 61) however, the Petitioner was questioned regarding a murder for which she had not been indicted or charged; 62) moreover, the Petitioner was questioned prior to being charged with the crime; 63) she was given her <u>Miranda</u> warnings and waived her right to counsel on more than one occasion; 64) the lower court found her statement was voluntary after an extensive <u>Jackson v. Denno</u> hearing which is reflected in the record; 65) Petitioner was questioned regarding the murder on January 12, 1999, and the arrest warrant was not issued until January 13, 1999; 66) her first appearance, the arraignment, was held on January 14, 1999; 67) Respondent submitted that the fact that the Petitioner invoked her right to counsel on the unrelated DUS charge

---

[7]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

does not prevent her from being questioned on the murder charge; 68) the United States Supreme Court stated in <u>Texas v. Cobb</u>, that the "Sixth Amendment right to counsel is personal to the defendant and specific to the offense"; 69) the Sixth Amendment right applies only to the offense for which the defendant invoked it; it does not apply to questioning about other offenses; 70) the police were not questioning Petitioner regarding her DUS charge, they were questioning her regarding a murder for which she had not yet been charged; 71) trial counsel was not ineffective for failing to investigate and argue that Petitioner had asserted her Sixth Amendment right to counsel on the DUS charge; 72)  in addition, Petitioner also failed to prove prejudice; 73) this allegation of ineffective assistance of counsel is also denied; 74) as to any and all allegations which were or could have  been raised in the application or at the hearing in this matter, but were not specifically addressed in the Order, the Court found that the Petitioner waived such allegations and failed to meet her burden of proof regarding them; and 75) accordingly, they were dismissed with prejudice.  (R.pp. 502-509).

Substantial deference is to be given to the state court's findings of fact.  <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct

15



under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner



must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

Petitioner has failed to meet her burden of showing that trial counsel was ineffective under this standard.  Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  With regard to the allegation that counsel was ineffective for failing to request discovery on her DUS proceedings, this discovery request would have provided information indicating that Petitioner had requested an attorney with regard to her DUS charge.  see Supplemental Appendix, Applicant's Exhibit 1; (R.pp. 466-468). However, the PCR court found that Petitioner's request for an attorney on the DUS charge did not provide a basis to challenge her statement on the murder charge, and the undersigned agrees. (R.pp. 507-509).  The invocation of the right to counsel is crime specific and Petitioner did not invoke her right to counsel with regard to the murder charge until after her confession and arrest for murder. Texas v. Cobb, 532 U.S. at 167-168 [Sixth Amendment right is offense specific]; McNeil, 501 U.S. at 176 [right to counsel is offense specific].  While, after Petitioner was arrested on the DUS charge, she may have invoked her right to counsel with respect to that charge, she has failed to show how invoking her right to counsel with respect to that charge transfers to a right to counsel with respect to the unrelated charge of murder, which Petitioner had not even been charged with at that time, and for which she signed a Miranda waiver. c.f. McNeil, 501 U.S. at 175-179 [discussing difference between Sixth Amendment right to counsel and Miranda Fifth Amendment right to counsel]. Accordingly, Petitioner has failed to show that her counsel was ineffective for failing to obtain these



records.

With regard to Petitioner's claim regarding her stay at the half-way house and a potential alibi, Petitioner's counsel testified that he did call and have a conversation with the half-way house. (R.p. 416). Although Petitioner's counsel could not recall the substance of the conversation with the half-way house, he testified that alibi was not a defense that they were pursuing. (R.p. 416). Petitioner did not offer any testimony in her PCR proceedings that she told counsel of an alibi at the time of her trial, and even admitted that, even though he was not supposed to, her husband sometimes picked her up at work and returned her to the half-way house. Petitioner also conceded that the doors to the half-way house were not locked. (R.pp. 409-410). After Petitioner's counsel told her that he could not prove that she was incarcerated at the time of the crime, Petitioner admitted that she never asked him to get the records from the Austin-Wilkes Home. (R.pp. 405-406). Petitioner failed to present any evidence, records, or witnesses in her PCR proceedings to support her conclusory allegations with respect to this issue, which were found not to be credible. See Kerr v. Kingston, No. 04-1153, 2008 WL 2954278 at * 13 (E.D.Wis. 2008)[Evidence is merely speculative where Petitioner fails to proffer the alleged evidence]; Gonzales v. Quarterman, No. 06-164, 2007 WL 999019 at * 7 (W.D.Tex. Mar. 29, 2007)[Claim is speculative and conclusory where no evidence is proffered to support claim]; Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996)[rejecting claim that counsel was ineffective for failure to present mitigation evidence family members, where there was no proffer of this testimony]; Bassette v. Thompson, 915 F.2d 932, 940-941 (4th Cir. 1990)[Petitioner's allegations that attorney did ineffective investigation does not support relief absent proffer of the supposed witness' favorable testimony]. Petitioner has also failed to show that, even if her counsel had obtained the discovery from her DUS proceedings about her request for an attorney for

18



her DUS charge and presented that argument in the <u>Jackson v. Denno</u> hearing, the outcome of her trial would have been different.  Petitioner has also failed to show that evidence relating to her stay in the half-way house, if presented, would have changed the outcome of her trial.  She has therefore failed to present evidence sufficient to show that the state court's rejection of these claims was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].  These claims should be dismissed.

## III.

In Ground Three of her petition, Petitioner contends that her mental instability at the time of her interrogation and trial caused a denial of due process and equal protection of the law. Specifically, she contends that she was never offered a mental evaluation.

Petitioner admits that she did not raise this issue in her direct appeal or in her APCR[8]; <u>See</u> Petition, pp. 9-10; and Respondent therefore contends that this issue is procedurally barred from consideration by this Court.  The undersigned agrees that, since the issue presented in Ground Three of this Petition was not raised in Petitioner's direct appeal or her PCR, it is procedurally barred from further state collateral review;  <u>Marlar</u>, 653 S.E.2d at 267; <u>Humbert</u>, 548 S.E.2d at 865; <u>Plyler</u>, 424 S.E.2d at 478-480; <u>see</u> Rule 59(e), SCRCP; <u>Primus</u>, 555 F.Supp.2d at 611; <u>Smith v. Warden of Broad</u>

---

[8]Although Petitioner addressed her addictions and their alleged effects in her direct appeal, those allegations were related to her challenge to the voluntariness of her statement and she did not mention a mental examination.  <u>See</u> <u>State v. Crawley</u>, <u>supra</u>.



River Correctional Inst., 2008 WL 906697 at * 1; McCullough, 2007 WL 949600 at * 3 (citing Al-Shabazz, 577 S.E.2d at 747); and since Petitioner did not properly pursue this issue in her direct appeal or her APCR, it is procedurally defaulted; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Matthews, 105 F.3d at 911.

Since this claim was not pursued or exhausted by Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750.  In her response, Petitioner states that her trial attorney was ineffective for not asking to have her evaluated. However, to the extent that Petitioner is intending to assert ineffective assistance of trial counsel as cause for her failure to raise this claim, she has not properly raised that claim to the state courts, and as discussed in Ground One, a claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards, 529 U.S. at 452; Frasier, 304 F.3d at 817; Clemons, 381 F.3d at 752.  Petitioner has not shown any cause for her failure to present this claim of ineffective assistance of counsel to the PCR court and pursue it in her PCR appeal.  Therefore, it cannot be used as cause for her procedural default of this claim.  Tome v. Stickman, supra (citing Edwards, 529 U.S. at 451-452).

Petitioner also does not present any cause for her failing to raise the underlying issue



in her direct appeal or APCR.[9]  Accordingly, she has failed to show cause for a procedural default on

this issue.  See discussion, supra; see also Rodriguez, 906 F.2d at 1159.  Petitioner has also failed to

show that a fundamental miscarriage of justice will occur if this claim is not considered.  Wainwright

v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348;

Bolender, 898 F.Supp. at  881.  Therefore, this claim is procedurally barred from consideration by

this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

## IV.

In Ground Four of her petition, Petitioner contends that there was a "constitutional

error".  Specifically, Petitioner alleges, "I was denied my constitutional right to remain silent and

have assistance of counsel even after I signed four (4) Miranda statements requesting an attorney.

I was coerced into making a false confession as a result of the violation of my Fifth and Sixth

Amendment rights.  As well as my right to question all witnesses and examine all evidence."  See

Petition, p. 11.

Respondent contends that the issue relating to the questioning of witnesses and

examination of evidence is procedurally barred.  While Petitioner admits that she did not raise this

issue in her direct appeal;  See Petition, p. 11; she contends that when she subsequently discovered

it she then raised it in her PCR case and its appeal.  See Petition, pp. 11-12. However, after reviewing

Petitioner's PCR appeal, it is clear that these issues were not not addressed by the PCR judge in his

order, nor were they presented in her PCR appeal.  With respect to any issues not addressed in the

---

[9]The undersigned notes that Petitioner has not argued ineffective assistance of PCR counsel
for failing to raise this issue.  However, even had Petitioner attempted to assert that as cause for her
procedural default, it would not have provided the necessary cause.  See discussion, supra (Ground
One).



order, the PCR judge found that Petitioner waived such allegations and failed to meet her burden of proof regarding them; (R.p. 509); and after obtaining the PCR Court's order, the Petitioner did not file any motions seeking to obtain a ruling on any other issues.  Such a motion was necessary, since a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order."  Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)(citing  Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review].

Therefore, since the part of Ground Three of this Petition relating to the right to call witnesses and examine the evidence was not addressed by the PCR judge in his order, it is procedurally barred from further state collateral review.  Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d  862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).  Further, since these issues were not properly pursued in Petitioner's direct appeal or in her APCR, they are procedurally barred from further state collateral review;  Marlar, 653 S.E.2d at 267; Humbert, 548 S.E.2d at 865; Plyler, 424 S.E.2d at 478-480; see Rule 59(e), SCRCP; Primus, 555 F.Supp.2d at 611; Smith v.



Warden of Broad River Correctional Inst., 2008 WL 906697 at * 1; McCullough, 2007 WL 949600 at * 3 (citing Al-Shabazz, 577 S.E.2d at 747); and since Petitioner did not properly pursue these issues in her direct appeal or her APCR, they are procedurally defaulted; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and are fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Matthews, 105 F.3d at 911.

　　　　　Since these claims were not pursued or exhausted by the Petitioner in the state court, federal habeas review is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750.   In her response, Petitioner does not assert any cause for failing to properly pursue these claims in her APCR or PCR appeal.  Accordingly, she has failed to show cause for a procedural default on these issues.  See discussion, supra; see also Rodriguez, 906 F.2d at 1159.  Petitioner has also failed to show that a fundamental miscarriage of justice will occur if these claims are not considered.  Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at  881.  Therefore, they are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

　　　　　As for the portion of Petitioner's ground Four wherein she claims she was denied her constitutional right to remain silent and was coerced into making a false confession, it is arguable that this claim was exhausted by the Petitioner in her direct appeal, wherein she claimed that her confession should have been inadmissible.  Although it is also arguable that this is not the same claim presented by Petitioner in her direct appeal, giving Petitioner's allegations the liberal construction to which she is entitled as a pro se litigant, the undersigned has addressed this claim on the merits.

23



Nevertheless, after careful review of the record in this case in conjunction with the applicable case law, the undersigned does not find any reversible error in the State Court's rejection of this claim.

In determining the voluntariness of confessions, the United States Supreme Court has held:

> The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process. [citation omitted]. The line of distinction is that at which governing self-direction is lost and compulsion, of whatever nature or however infused, propels or helps to propel the confession.

Culombe v. Connecticut, 367 U.S. 568, 602 (1961); State v. Rochester, 391 S.E.2d 244, 246 (S.C. 1990). Hence, the test for determining whether a statement is involuntary under the Due Process Claus "is whether the defendant's will has been 'overborne' or [her] 'capacity for self-determination critically impaired,'" because of coercive police conduct. United States v. Braxton, 112 F.3d 777, 780 (4th Cir. 1997); United States v. Jordan, No. 05-4512, 2006 WL 1307921 at * 1 (4th Cir. May 12, 2006). In determining whether a defendant's will has been overborne or her capacity for self determination critically impaired, courts must consider the "totality of the circumstances." United States v. Braxton, 112 F.3d at 781 (citation omitted).

Under the law, if a defendant was advised of their Miranda rights but nevertheless chose to make a statement, the State has the burden of proving by a preponderance of the evidence that the defendant voluntarily waived their rights. State v. Washington, 370 S.E.2d 611, 612 (S.C. 1988); State v. Neely, 244 S.E.2d 522 (S.C. 1978). Further, if an accused invokes his or her right to counsel during a custodial interrogation, police interrogation must cease unless the accused initiates further communication, exchanges or conversations with police. Edwards v. Arizona, 451 U.S. 477,

24



485, (1981).  Here, the trial court found after a <u>Jackson v. Deno</u> hearing that the Petitioner had been fully advised of her rights under the Fifth and Sixth Amendments as well as the constitutional safeguards required by <u>Miranda</u>, and that Petitioner knowingly and intelligently waived her rights under the Fifth and Sixth Amendments and the constitutional safeguards required by <u>Miranda</u>.  The trial court further found that the statements obtained from the Petitioner were freely and voluntarily given, without duress, coercion, undue influence, or compulsion or inducement of any kind, and that such alleged statements were the voluntary product of a free and unconstrained will of the Petitioner. (R.pp. 135-137); <u>see</u> <u>also</u> (R.pp. 45-109).  While Petitioner's interrogation was found to have lasted approximately seven and one half hours, which included Petitioner being given a lie detector test, she was afforded dinner and restroom breaks and ultimately provided statements to the police acknowledging that she had stabbed the victim multiple times. (R.pp. 92-95)  The South Carolina Court of Appeals found that the trial court did not commit reversible error in refusing to suppress Petitioner's statement, holding that her confession was voluntary and that her <u>Miranda</u> rights had not been violated.  <u>State v. Crawley</u>, 562 S.E.2d 683.

Based upon a review of the record and the applicable case law, the undersigned does not find that Petitioner has shown that the state court findings are unreasonable.  Petitioner has presented no evidence, other than her own self-serving statements, to show that she was somehow tricked into making a confession or was incapacitated at the time due to symptoms of drug withdrawal.  <u>Smith</u>, 528 F.2d at 809 [Petitioner bears  the burden of proving allegations]; <u>see</u> <u>also</u> <u>State v. Crawley</u>, 562 S.E.2d at 685-686; <u>cf</u>. <u>United States v. Washington</u>, 431 U.S. 181, 188 (1977)["Indeed, it seems self-evident that one who is told he is free to refuse to answer questions is in a curious posture to later complain that his answers were compelled"]; <u>State v. Von Dohlen</u>, 471



S.E.2d 689, 694-695 (SC 1996)[Voluntariness of a confession is determined from an examination of the totality of the circumstances]. Although in a federal habeas proceeding the ultimate determination of the voluntariness of a confession presents a question meriting independent consideration, a state court's determination of the facts underlying the voluntariness of a confession are still entitled to a presumption of correctness. Miller v. Fenton, 474 U.S. 104, 112 (1985); Boggs v. Bair, 892 F.2d 1193, 1199 (4th Cir. 1989). There is no evidence to show that the state court proceedings resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Evans, 220 F.3d at 312. Therefore, this claim is without merit, and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 13, 2009
Charleston, SC

26



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

